This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Obadiah Pacely appeals the judgment of the Lorain County Court of Common Pleas sentencing him to consecutive sentences of eighteen months and twelve months in the Lorain Correctional Institution. This Court affirms.
 I.
Pacely was indicted for aggravated menacing, in violation of R.C.2903.21(A); theft, in violation of R.C. 2913.02(A)(1); illegal possession of a firearm in a liquor permit premises, in violation of R.C. 2923.121(A); and having a weapon while under a disability, in violation of R.C. 2923.14. Pacely pleaded not guilty, and the matter proceeded to trial.
The jury found Pacely guilty of theft and having a weapon while under a disability. The court ordered Pacely to serve maximum consecutive sentences of eighteen months for the theft conviction and twelve months for the having a weapon while under a disability conviction.
 Pacely timely appealed and has set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO SERVE THE CONSECUTIVE MAXIMUM SENTENCES OF EIGHTEEN MONTHS ON COUNT TWO, R.C. 2913.02(A)(1), THEFT, A FELONY OF THE FOURTH DEGREE AND TWELVE MONTHS ON COUNT FIVE, R.C. 2923.13(A)(3), HAVING A WEAPON UNDER A DISABILITY, A FELONY OF THE FIFTH DEGREE WITHOUT FOLLOWING THE THREE TIERED ANALYSIS ON THE RECORD AS REQUIRED BY R.C. 2929.19(B).
Pacely argues that the trial court erred when it sentenced him to serve consecutive maximum sentences of eighteen months for theft and twelve months for having a weapon while under disability. Specifically, Pacely argues that the trial court did not comply with R.C. 2929.19(B) and 2929.14(C) and (E). In addition, Pacely contends that record does not support the trial court's findings.
 Maximum Sentence Pacely argues that the trial court failed to make the required findings to support its imposition of maximum sentences as required by R.C. 2929.19(B)(2)(d). However, a review of the record in this case reveals that the trial court stated its findings in its journal entry. This Court has held that the findings of a trial court need not be in the sentencing transcript if they are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported. See, generally, State v. Edmonson
(1999), 86 Ohio St.3d 324.
Once it has been determined that the trial court made the required findings for imposing a maximum sentence as required by R.C.2929.19(B)(2)(d), this Court's standard of review is controlled by R.C.2953.08(G)(2), requiring it to determine if the trial court clearly and convincingly acted contrary to law or the record. Clear and convincing evidence is that "`which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Under R.C. 2929.14(C), a trial court may impose a maximum prison term on a defendant who has met one of four criteria: (1) the defendant committed the worst form of the offense; (2) the defendant poses the greatest likelihood of committing future crimes; (3) the defendant is a major drug offender of the type set forth in R.C. 2929.14(D)(3); or, (4) the defendant is a repeat violent offender of the type set forth in R.C.2929.14(D)(2). R.C. 2929.19(B)(2)(d) mandates that if the trial court imposes a maximum prison term allowed for an offense under R.C. 2929.14(A) the court must give its reasons for that decision.
When sentencing Pacely, the trial court stated:
 Based upon your prior record, based upon all of the factors that even though these are F-4s and 5s, the fact that this has been nothing but dishonest, that there is absolutely no amenability to supervision in any way, shape, form or fashion, and that this is a, an offense that was committed after you were barely off paper in Detroit, I am going to impose maximum consecutive sentences, that would be 12 months on the F-5 and 18 months on the F-4.
In addressing the imposition of maximum prison terms, the journal entry states: "Defendant has committed the worst form of the offense. Defendant poses the greatest likelihood of recidivism."
In this case, the court had before it facts to establish that Pacely had committed the worst form of the offense. After reviewing Pacely's criminal record, the court also concluded that he posed the greatest likelihood of recidivism. The trial court referenced these findings when sentencing Pacely and set them forth in detail in the judgment entry of conviction and sentencing. The record does not reveal that the trial court acted contrary to law or the record when imposing maximum sentences.
 B. Consecutive Sentences
Pacely argues that the trial court did not make the required findings to support its imposition of consecutive sentences as required by R.C.2929.19(B)(2)(c) and (e). If a trial court does not make the required findings as required by R.C. 2929.19(B)(2)(c) and (e), this Court must "remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." R.C. 2953.08(G)(1).
R.C. 2929.14(E)(4) sets forth the findings required before the imposition of a consecutive sentence.
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
With regards to consecutive sentences, the journal entry of sentence states:
 Consecutive sentences are necessary to protect the public from future crime or to punish the defendant.
 Consecutive sentences are not disproportionate to the seriousness of defendant's conduct and the danger defendant poses to the public.
 Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.
As stated above, this Court finds that the trial court properly set forth its findings in its journal entry, and that it satisfies the requirements of R.C. 2929.14(E)(4).
If an appellant merely challenges whether or not the trial court made the required findings for imposing consecutive sentences and the appellate court finds that the trial court made the findings, the appellate court's review is complete. However, if, as in this case, the appellant challenges whether or not the record supported the findings of the trial court, the appellate court must proceed to an analysis under R.C. 2953.08(G)(2).
Here, the court had before it facts to establish that consecutive sentences were necessary to protect the public from future crime and were not disproportionate to the seriousness of Pacely's conduct and to the danger he poses to the public, and that Pacely had a history of criminal conduct demonstrating the need for consecutive sentences for the public's protection. See R.C. 2929.14(E)(4). The trial made comments regarding these findings when sentencing Pacely and set forth the specific findings in the judgment entry of conviction and sentencing.
This Court cannot say that the record establishes by clear and convincing evidence that the trial court acted contrary to law or the record when imposing consecutive sentences.
 III.
Pacely's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.